# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| OCEANUS PERRY, | ) | CASE NO.  4:10CV2332 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| R. MARTINEZ, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

*Pro se* petitioner Oceanus Perry filed the above-captioned *Petition for Writ of Habeas Corpus to Issue Peremptory* in this Court on October 13, 2010. Mr. Perry is confined in the United States Penitentiary (USP) Allenwood in White Deer, Pennsylvania. He claims he is being held "without ever being charged or lawfully arrested." (Pet. at 3.) For the reasons set forth below, this action is dismissed.

## BACKGROUND

Mr. Perry outlines his factual assertions in nine numbered paragraphs. No dates or relevant background information is included. Instead, he claims he was "abducted" by parties outside of this district who failed to witness him commit a crime. He maintains that a search of his apartment "from which [he] was abducted," was permitted only because the occupants were threatened with criminal prosecution. There is also a reference to petitioner's appearance before Magistrate Judge Kemp in the United States District Court for

the Southern District of Ohio. Mr. Perry claims he was never charged with a crime at that time, was never advised why he was brought before a Magistrate Judge and, when he inquired about the nature of the charges brought against him, neither the U.S. Attorney nor the Magistrate Judge responded. Petitioner claims he was never "afforded a hearing to determine probable cause," and is still being held without charge.

## 28 U.S.C. § 2241

To entertain a habeas corpus petition under § 2241, a district court must have jurisdiction over the custodian of the petitioner. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of habeas corpus does not act upon the prisoner who seeks relief, but upon his or her custodian). In a habeas challenge, the prisoner's custodian is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 524 U.S. 426 (2004); *Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2003) (petitioner should name as a respondent to his habeas corpus petition "the individual having day-to-day control over the facility in which [the alien] is being detained") (citation omitted).

Petitioner is currently incarcerated in USP Allenwood in White Deer, Pennsylvania. His custodian, therefore, is the Warden of USP Allenwood. Because USP Allenwood is located within the Middle District of Pennsylvania, this Court lacks personal jurisdiction over petitioner's custodian. Venue would instead lie in the United States District Court for the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(b).

### LACK OF JURISDICTION

When a district court lacks jurisdiction over a case, it "shall, if it is in the interests of justice, transfer such action [...] to any other court in which the action [...] could have been brought at the time it was filed." 28 U.S.C. § 1631. Since the term "interests of justice" is vague, district courts have broad discretion in deciding whether to transfer a case. *Gunn v. United States Dep't of Agriculture*, 118 F.3d 1233, 1240 (8th Cir.1997); *Afifi v. United States Dep't of Interior*, 924 F.2d 61, 64 (4th Cir.1991); *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir.1990). Here, the interests of justice dictate dismissal of this action.

Before deciding whether to transfer a case, a district court is authorized to consider the consequences of such a transfer. This is implicit in the statute's grant of authority to make such a decision, *see Christianson v. Colt Industries Operating Corp*., 486 U.S. 800, 818 (1988), and presumes this court may "peek at the merits" to determine whether transfer or dismissal is appropriate. *See  Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999).

Mr. Perry repeatedly claims he was "abducted" and is being held without charge. The Public Access to Court Electronic Records (PACER) system reveals, however, that petitioner was named in indictments in the United States District Courts for both the Northern and Southern Districts of Ohio. *See United States v. Perry*, Case No. 4:02cr92 (N.D. Ohio, filed Mar. 12, 2002) (Aldrich, J.); *United States v. Perry*, Case No. 2:02cr159 (S.D. Ohio filed, Oct. 8, 2002) (Sargus, J.).[1]

---

[1] On January 8, 2004, proceedings were held before Magistrate Judge Terence P. Kemp to appoint counsel for Mr. Perry. During the hearing, petitioner was advised of rights, charges, and penalties. *Perry*, No. 2:02cr0159. (Doc. No. 4.)

On May 7, 2003, a  jury found Mr. Perry guilty of Armed Bank Robbery in violation of 18 U.S.C. § 2113(a)(d)(1) and 18 U.S.C. § 924(c)(1)(A)(ii) in the Northern District of Ohio. *See Perry*, Case No. 4:02cr92, Doc. No. 59. Judge Aldrich sentenced him on August 28, 2003 to 41 months imprisonment on Count 1 and a mandatory 87 months on Count 2, to run consecutively. Judgment was entered on September 2, 2003. (Doc. No. 63.)[2]

Almost one year after his indictment in the Northern District of Ohio, the Southern District of Ohio, in Case No. 2:02cr159, found Mr. Perry guilty of Bank Robbery by Force or Violence in violation of 18 U.S.C. § 2113 and Violent Crime/Drugs/Machine gun in violation of 18 U.S.C. § 924. On October 21, 2004, the court sentenced Mr. Perry to 63 months on Count 1 and a consecutive term of 25 years on Count 2. The Judgment was entered on November 23, 2004. (Doc. No. 40.) Following an appeal, he was resentenced on April 6, 2006 to 63 months of imprisonment on Count 1, with 22 months of this sentence to be served consecutive to the sentence imposed in the Northern District of Ohio.

On February 26, 2007, Judge Aldrich denied petitioner's motion to vacate the sentence she imposed in Case No. 4:02cr92. (Doc. No. 82.) Over one year later, on September 25, 2008, Petitioner filed a Motion to Vacate his sentence in the Southern District of Ohio. (Doc. No. 67.) That motion is still pending, along with a motion for leave to amend the motion to vacate. (Doc. No. 88.)

Mr. Perry was indicted a third time in the United States District Court for the Eastern District of Kentucky on October 18, 2007, Case No. 7:07cr23 (VanTatenhove, J.).

---

[2] The case was affirmed on appeal. (Case No. 03-4181.) The mandate was dated December 1, 2004.

4

The indictment[3] charged him with one count of assaulting/resisting/impeding federal officers/employees in violation of 18 U.S.C. § 111(a)(1) and (b) and § 2 (aiding and abetting) and one count of possession of contraband articles in prison in violation of 18 U.S.C. § 1791(a)(2). He was found guilty on both charges following a jury trial and was sentenced on September 24, 2008 to 225 months imprisonment, consisting of 210 months on Count 1 and 15 months on Count 2, both to run consecutively for a total sentence of 225 months, to run consecutively to the defendant's imprisonment under previous state or federal sentences, including the two cases in the Northern and Southern Districts of Ohio. The Judgment was entered on September 30, 2008. (Doc. No. 263.)[4]

None of the sentences imposed by the three district courts noted above has expired. This includes the sentence imposed following his hearing before Magistrate Judge Kemp in the Southern District of Ohio. To the extent Mr. Perry seeks to challenge that conviction, he has already filed a Motion to Vacate which is pending in that court. Otherwise, he has failed to state any claim for which he is entitled to habeas relief.

---

[3] The indictment was superseded twice.

[4] The Sixth Circuit affimed the Judgment and Sentence on November 4, 2010. (Case No. 08-6219.) The mandate issued on November 29, 2010. (Doc. No. 292.)

C<small>ONCLUSION</small>

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 2243.[5]  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[6]

**IT IS SO ORDERED**.

Dated: January 3, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[5] 28 U.S.C. § 2243 provides, in relevant part:

* * *

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ [. . .], unless it appears from the application that the applicant or person detained is not entitled thereto.

[6] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith."

6